# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

PENN MILLERS INSURANCE
COMPANY,
        Plaintiff,

                                          Case No.: 8:05-CV-1852-T-17TBM

vs.

AG-MART PRODUCE, INC.;
JAMES A. SOLITO;
and GAIL D. MILLER
        Defendants.
_____/

## ORDER ON DEFENDANT'S MOTION TO DISMISS OR ABATE

        This cause is before the Court pursuant to Defendants', AG-Mart Produce, Inc. ("AG-Mart), James A. Solito ("Solito"), and Gail D. Miller ("Miller"), Motion to Dismiss or Abate (Docket No. 19), filed June 19, 2006. Defendants seek to dismiss or abate the complaint (Docket No. 1) of Plaintiff, Penn Millers Insurance Company ("Penn Insurance"). Penn Insurance's Response in Opposition to the Motion to Dismiss or Abate (Docket Nos. 25 & 27) was filed on August 14, 2006. Per the complaint Penn Insurance seeks to gauge whether or not it is liable for punitive damages if the insured (AG-Mart) is eventually found liable in a state court tort action.

## BACKGROUND

        A consolidated tort action has been in active litigation in front of Florida's 20th Circuit since mid-2003. The plaintiffs in that case, Solito and Miller, brought suit against AG-Mart and employee Frederick Parr arising from injuries suffered during an automobile accident. Solito and Miller were injured by an AG-Mart automobile driven by Parr, who was allegedly drunk and speeding when he struck their car. After Parr struck the car driven by Miller and Solito, he attempted to flee the police but was eventually apprehended. AG-Mart is insured by Penn Insurance, which is currently defending Parr and AG-Mart in Florida's 20th Circuit for said tort action.

Penn Insurance, now a plaintiff herein, seeks a federal declaratory judgment stating that it has no obligation under Florida law and public policy to indemnify AG-Mart for any *punitive damages* awarded to Miller and Solito. The defendants in this instant case (Miller, Solito, and AG-Mart) wish to dismiss or abate the complaint filed by Penn Insurance, asserting that it has no proper place in a Federal courtroom at this time.

## **DISCUSSION**

It goes without saying that Federal district courts have broad discretion to declare the rights of interested parties in a declaratory judgment action. 28. U.S.C. § 2201 (2006). More precisely, this Court has "unique and substantial discretion" in deciding whether or not to declare the rights of the litigants even when the suit satisfies the subject matter jurisdictional prerequisites. *Wilton v. Seven Fall Co.*, 515 U.S. 277, 283 (1995).

In regards to the case at hand, it is well-established law that the duty to indemnify the insured must be measured at the trial level; this duty is "not determined by mere allegations but by the facts" in the underlying tort action. *Traveler's Indemnity Co. v. Royal Oak Enterprises, Inc.*, 344 F. Supp. 2d 1358, 1368 (M.D. Fla. 2004). Moreover, looking at another case from this District will allow one to reach the same conclusion as *Traveler's*.

In *Northland*, it was determined that a declaratory judgment cannot be properly granted when the insurer's duty to indemnify is wholly dependent on the outcome of essential claims at the trial level. *Northland Casualty Co. v. HBE Corp.*, 160 F. Supp. 2d 1348, 1361-1362 (M.D. Fla. 2001). The court in *Northland*, also a no-duty-to-indemnify declaratory judgment case similar to the case at bar, stated: "Any declaration as to the duty to indemnify is *premature* unless there has been a resolution of the underlying claim." *Id*. (emphasis added). It is clear that *Northland* shares the same core facts and basic assumptions as the movant's complaint. Thus, in order to determine the issue of punitive damages and indemnification, the facts of the case must be sorted out first. The facts in the instant case have yet to be sorted out at the trial level. Thus, since there has not been a resolution of the facts at the state trial court level, this court is left with only one choice.

In addition to *Traveler's* and *Northland* – both cases at the District Court level – the Eleventh Circuit also tackled this delicate issue. First, it goes without saying that Florida law dealing with punitive damages is still quite unsettled and very fact-specific. That being said, we now turn to the aforementioned Eleventh Circuit case, *Ameritas*, which set forth a list of non-exclusive guidelines to consider in terms of whether or not to proceed with a declaratory judgment action. *Ameritas Variable Life Insurance v. Roach*, 411 F.3d 1328, 1331 (11th Cir. 2005). One such guideline to consider is whether or not the judgment in the federal declaratory action would actually settle the controversy. *Id*. Bringing before the bench a question of punitive damages indemnification would not settle any controversy (in a state *or* federal setting) because it necessarily follows that the state court must first hand down its ruling in order to proceed with the question of indemnification. Another guideline considered by *Ameritas* is the determination of whether this federal declaratory action serves a useful purpose in terms of *clarifying* the legal relations at issue. *Id*. (emphasis added). It is the view of this Court that clarification can only be determined upon resolution of the state proceeding. Furthermore, a third guideline posed by *Ameritas* asks whether the underlying factual issues are important to resolving the case. *Id*. Again, the facts from the state court must be resolved in order to proceed in federal court.

Finally, *Ameritas* lists another critical factor to ponder: Is the state trial court better suited to evaluate the factual issues than is the federal court? *Id*. Simply put, since the trier of fact is *presently* the state court, then that is where all of the evidence, arguments, and testimony are currently being displayed for the eyes of a sitting jury. Now, if the federal court were to decide this issue of punitive damages and indemnification, it too would have to sit through a full trial to discover all of the facts that are based on this same evidence, arguments, and testimony. This would essentially make the federal district court the trier of fact contemporaneously with state court for the same exact action, which doesn't exactly bode well for "judicial economy."

In conclusion, this Court cannot decide – as a matter of law no less – whether or not public policy precludes indemnification because that specific issue necessarily requires the prior adjudication of the facts; these facts can only be adjudicated at the state trial court. Until then, Penn Insurance's complaint does not belong in Federal Court. In other


words, deciding in *Federal Court* whether or not Penn Insurance has a duty to indemnify AG-Mart for punitive damages in *state court* is akin to putting the judicial cart before the horse. Again, there is absolutely no avenue in which to gauge Penn Insurance's liability until the underlying facts of the state tort action have been determined by a judge or jury in Florida's 20th Circuit Accordingly, it is

**ORDERED**, that the Motion to Abate or Dismiss (Docket No. 19) be **GRANTED**; the Clerk of Court is **DIRECTED** to **DISMISS** the complaint (Docket No. 1) of Penn Insurance from this record and close the case. The issues sought to be resolved by Plaintiff Penn Insurance may be considered by a federal court when and if the resolution of the state tort claim finally does occur and a new federal cause of action is filed.

**DONE and ORDERED** in Chambers, in Tampa, Florida, on the 5th day of October, 2006.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

CC: All parties and counsel of record